UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CR-20356-RNS

UNITED STATES OF AMERICA

v.

JAMES CATALANO,

    **Defendant.**
_____/

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF BOND

James Catalano (the "defendant") moves to modify the conditions of his bond to permit the use of a computer at his home (DE 12). Notably, the defendant is charged with Cyber Harassment for sending hundreds of harassing messages to the victim through a computer. The United States opposes modification of the defendant's bond for the following reasons:

1. On July 21, 2022, the defendant was charged by criminal complaint with cyber harassment, in violation of Title 18, United States Code, Section 2261A, for sending hundreds of harassing messages to the victim, whose daughter was murdered during the 2018 mass shooting at Marjorie Stoneman Douglas High School (DE 1). These messages referred to the victim's daughter, the manner of her death, her pain and suffering as she was murdered, and the victim's advocacy against gun violence, which was spurred by his daughter's death. *Id.* Notably, in a post-Miranda statement, the defendant admitted that he understood how the messages could have been distressing in nature and stated that he sent the messages to keep the victim "in check." *Id.*

2. On the same date, the defendant made his initial appearance in the Eastern District of California ("EDCA") (DE 2, 22-mj-120-BAM (E.D.Ca.)). On July 22, 2022, the court held a

detention hearing where U.S. Magistrate Judge Barbara McAuliffe released the defendant on a $25,000 unsecured bond to be replaced by a $100,000 property bond with certain conditions, including a no-contact order with the victim and the installation of computer monitoring software on the defendant's "sole personal computer to which [he] [has] access." (DE 9, 22-mj-120-BAM (E.D.Ca.)).

3. On August 18, 2022, the defendant made his initial appearance in the Southern District of Florida (DE 6). At that hearing, the defendant requested to modify his bond so that he could have a computer at his home, in addition to his cellphone, both of which would be monitored by Pretrial Services. U.S. Probation Officer Harold Iglesias informed the Court that Pretrial Services in the EDCA, which would be the district supervising the defendant on behalf of the Southern District of Florida, did not have the capability to monitor the defendant's use of two electronic devices—the cellphone and computer—at the same time. The Court denied the defendant's request for the bond modification.

4. On August 19, 2022, defense counsel informed the undersigned and Officer Iglesias that he had spoken with EDCA Probation, who informed the defense that they had the capability of monitoring multiple electronic devices. On August 22, 2022, Officer Iglesias informed the parties that EDCA advised him of the same.

5. On August 23, 2022, defendant filed a motion to modify conditions of release without conferring with undersigned counsel (DE 7). The Court struck defendant's motion to modify bond conditions for failing to comply with Local Rule 88.9(a), which requires conferral with opposing counsel.

6. On August 24, 2022, defense counsel emailed the government and Probation informing the parties that he intended to file an unopposed motion in light of EDCA's ability to monitor two electronic devices.

7. On August 25, 2022, Officer Iglesias informed the parties that a new Probation Officer, Jorge Ferdinandy, would be the assigned supervising officer, and that Officer Ferdinandy needed additional time to review the case, get up to speed, and discuss the matter with EDCA Probation.

8. On August 30, 2022, despite being informed that a new Probation officer needed to review the case and confer with EDCA, the defendant refiled his motion for modification of bond (DE 12), without having spoken with Officer Ferdinandy. Nor had the undersigned spoken with Officer Ferdinandy at the time that the defendant filed his renewed motion.

9. On August 31, 2022, the undersigned conferred with Officer Ferdinandy, who indicated that he opposes the defendant's proposed bond modification in light of the nature of the charged conduct and the fact that the current bond permits the defendant to use a smartphone, which generally contains the same functionality as a computer. Officer Ferdinandy also conferred with EDCA Probation Officer Guerrero, who similarly opposes the proposed modification. The defendant's use of both a smartphone and computer would require cumbersome monitoring by U.S. Probation for a few reasons. First, unlike in other cases where Pretrial Services conducts computer monitoring, such as child pornography cases, this case does not involve the use of a particular kind of website to commit the offense. As described in the complaint, the defendant monitored the victim's social media and then referenced the victim's social media usage in the messages the defendant sent through the victim's website's contact page (DE 1). A preliminary forensic examination of the defendant's computers also showed that the defendant accessed the

victim's website and Twitter, *Id.*, as well as accounts belonging to the victim's associates. Moreover, the defendant sent harassing messages about the victim to several of the victim's known associates. And, in 2021, the defendant was confronted by law enforcement for engaging in nearly identical conduct against an unrelated victim. Monitoring the defendant's internet usage in this case is therefore more burdensome than it would be in a case where the defendant's use of particular illicit websites is more easily discernable.

10. Nor has the defendant provided any explanation or justification for the need to obtain an additional computer at his home, which would only make his pretrial supervision more burdensome. In support of his motion, defendant only asserts that Pretrial Services has the capability of monitoring more than one device, which would require an agreement as to the hours during which the defendant can use the second device precisely because of the additional labor required to monitor more than one device. The fact that Pretrial Services has the capability to monitor the defendant's computer activity on multiple devices does not support the merits of his request. The defendant's request is submitted as though he is entitled to access multiple electronic devices, while the bond implemented by EDCA specifically restricts his computer usage to one personal computer at home, which is subject to a computer restriction monitoring program.

[This Space Intentionally Left Blank]

11. The United States submits, as it did at the pretrial detention and bond hearings, that the defendant poses a danger to the community and the victim in this case, and that restricting his computer usage to one electronic device is the appropriate bond condition, which is sufficient, but not greater than necessary, to reasonably assure the safety of the community and the victim in this case. *See* 18 U.S.C. § 3142.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
ARIELLE KLEPACH
Assistant United States Attorney
Court ID No. A5502706
Arielle.Klepach@usdoj.gov
United States Attorney's Office
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9272